GLAZEBROOK & BRO. *v.* JOHN D. BRANDON.

[Abstract Kentucky Law Reporter, Vol. 3—466.]

**Sale of Equity of Redemption.**

    One who has a lien on land for his execution debt and the land is sold on his execution can not legally have a lien on the equity of redemption. The first sale exhausts his lien. To sell the equity of redemption it is necessary to make another levy, and where before he does so another creditor levies on the exemption he becomes prior in right to the execution plaintiff who caused the land to be first sold.

APPEAL FROM MONROE CIRCUIT COURT.

December 1, 1881.

OPINION BY JUDGE PRYOR:

We are inclined to concur with the court below in adjudging to the appellee a lien on the land for his execution debt, but this did not give him a lien on the equity of redemption. When the land was sold under his execution the lien was exhausted, and to sell the equity of the debtor it was necessary to make another levy. Before this was done the rights of another creditor intervened, who levied his execution, or had it levied, on the equity of redemption; and if the proceeding was regular this creditor was invested by his purchase with the right to redeem. This lien of the appellee was created prior to the amendment of the exemption laws enacted at the session 1879-80, and can not be enlarged so as to come within the provisions of that law, even if that law can be construed as giving the creditor a lien by his execution on the land first, and then on the equity of redemption. We see no objection to sub-

jecting it, however, unless the right has passed to the appellant. He should have been made a party defendant, if his levy is prior in date and otherwise proper, that is, on a valid judgment to which he has priority.

Judgment *reversed* and cause remanded for further proceedings consistent with this opinion.

*John W. Compton, Lewis McQuown, for appellants.*

*W. S. Maxey, for appellee.*